UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CARRIE J. RHODES,                                    CASE NO.  4:11-cv-153-RH/WCS

      Plaintiff,

vs.

SUPERVISOR OF ELECTIONS–
LEON COUNTY,

      Defendant.
_____/

**DEFENDANT, SUPERVISOR OF ELECTIONS – LEON COUNTY'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, Supervisor of Elections – Leon County ("SOELC"), by and through the undersigned counsel, hereby files this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1.  Specifically, Defendant seeks judgment as a matter of law that the Plaintiff is not entitled to relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., or the Florida Civil Rights Act of 1992.

**STATEMENT OF THE FACTS**

On or about November 3, 2009, Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations, and the complaint was dual filed with the Equal Employment Opportunity Commission.  In her charge, Plaintiff alleges that she was the victim of retaliation in October 2009.  See Exhibit A.  Plaintiff re-alleges in her complaint that she was retaliated against because she had filed a charge of discrimination against SOELC in 2008.  Pl. Comp. ¶ 28.

Plaintiff began working for Defendant in November 2007, as an OPS Employee.  Exhibit B.  Plaintiff was hired on a temporary basis to assist through the 2008 election cycle, however, Plaintiff was terminated on January 4, 2008 because of her actions in the workplace.  Exhibit B; Exhibit F.  Specifically, on January 3, 2008, Plaintiff was involved in a verbal altercation with her co-workers.  Exhibit F.  The altercation was so loud that the building manager complained to the SOELC about the noise.  Exhibit F.  Plaintiff refused to discuss the matter with her supervisor, and both Plaintiff and the other co-worker were sent home for the day.  Exhibit F.  Plaintiff initially left the workplace peacefully, however, she returned shortly thereafter, collected all of her personal belongings and threw her security badge on her desk.  Exhibit F.  Later that day, Plaintiff spoke by phone with her supervisor, and advised that she was resigning her position with SOELC.  Exhibit F.  Notwithstanding her resignation, Plaintiff called her supervisor the following day, and asked for a letter setting out the reasons for Plaintiff's termination.  Exhibit F.  SOELC refused to issue the requested letter, and instead issued a letter terminating her employment effective January 4, 2008.  Exhibit B.  In conjunction with Plaintiff's termination, SOELC completed a Personnel Action Form on January 4, 2008, and noted on the Form that Plaintiff was not eligible for rehire.  Exhibit B.

On or about February 1, 2008, Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations (FCHR) alleging racial discrimination by SOELC, and the complaint was dual filed with the Equal Employment Opportunity Commission.  Exhibit C.  Specifically, Plaintiff alleged that SOELC discriminated against her when it terminated her employment on January 4, 2008.  Exhibit C.  FCHR made a No Cause determination and dismissed Plaintiff's complaint.  Exhibit C.  The EEOC adopted the findings of FCHR and dismissed Plaintiff's complaint.  Exhibit C.

2

On or about October 2009, Plaintiff applied for employment with Capital Regional Medical Center (CRMC).  Pl. Comp. ¶ 12.  Plaintiff was required to undergo a background check in conjunction with her application for employment.  Pl. Comp. ¶ 13.  CRMC utilized a background screening company, General Information Services (GIS), to perform the background check on Plaintiff.  Pl. Comp. ¶ 14.  On or about October 19, 2009, Cynthia Kelly, SOELC's Administrative Services Manager, received a call from a representative of GIS.  Exhibit E.  In response to the GIS representative's inquiries, Ms. Kelly provided Plaintiff's dates of employment with SOELC.  Exhibit E.  The GIS representative asked Ms. Kelly if Plaintiff was eligible for rehire at SOELC and Ms. Kelly responded that Plaintiff was not eligible for rehire and could not discuss the issue.  Exhibit E.  The GIS representative pressed the issue and Ms. Kelly responded that she could not discuss the matter because it was a legal matter.  Exhibit E.  At no time during Ms. Kelly's conversation with the GIS representative, did Ms. Kelly mention that Plaintiff had filed a claim of discrimination against SOELC, nor did Ms. Kelly mention discrimination in any manner.  Exhibit E.  Ms. Kelly never spoke to or otherwise communicated with CRMC.  Exhibit E.

Plaintiff alleges that CRMC ultimately did not hire Plaintiff and advised her that it was because "of her case with SOELC." Pl. Comp. ¶ 25.  CRMC has a policy of not hiring any job applicant who is not eligible for rehire by a former employer.  Pl. Comp. ¶ 26.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, depositions and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  In making this assessment, the court must view the evidence in the light most

favorable to the non-moving party.  See Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1326 (11th Cir. 1998).

## ARGUMENT

In her complaint, Plaintiff files claims under Title VII of the Civil Rights Act of 1964 (Title VII), and the Florida Civil Rights Act (FCRA).  Federal case law interpreting Title VII claims is applicable under the FCRA. Harper v. Blockbuster Entm't Corp., 139 F. 3d 1385, 1389-90 (11th Cir. 1998)(FCRA claims are analyzed using the same analytical framework as Title VII.)

In proving retaliation claims, the McDonnell-Douglas burden shifting framework is used. See Hockman v. Westward Commc'ns, LLC, 407 F.3d 317, 330 (5th Cir. 2004); McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973).  In a retaliation claim, a plaintiff must establish a prima facie case by showing: (1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the plaintiff; and (3) a causal connection exists between the protected activity and the adverse employment action.  EEOC v. Reichhold Chem., Inc., F. 2d 1564, 1571-72 (11th Cir. 1993); Weaver v. Casa Gallardo, Inc., 922 F. 2d 1515, 1524 (11th Cir. 1991).  A plaintiff bringing a retaliation claim faces the increased burden of showing that his employer's actions were motivated by an impermissible retaliatory or discriminatory animus. Strickland v. Water Works an Sewer Bd. Of the City of Birmingham, 239 F. 3d 1199, 1207 (11th Cir. 2001)(citing King v. Preferred Technical Group, 166 F. 3d 887, 891 (7th Cir. 1999)); Hairston v. Gainesville Sun Pub. Co., 9 F. 3d 913, 919 (11th Cir. 1993)(ADEA ad Title VII retaliation)(citing Goldsmith v. City of Amore, 996 F. 2d 1155, 1163 (11th Cir. 1993)).

4

If the plaintiff establishes a prima facie case, the burden then shifts to the employer to state a legitimate non-retaliatory reason for the adverse employment action.  Septimus v. Univ. of Houston, 399 F. 3d 601, 607 (5th Cir. 2005).  The employer's burden is exceedingly light. Tipton v. Canadian Imperial Bank of Commerce, 872 F. 2d 1491, 1495 (11th Cir. 1989).

If a defendant carries its burden of producing a legitimate, non-retaliatory reason for its action, the presumption of discrimination created by the McDonnell Douglas framework "drops from the case" and "the factual inquiry proceeds to a new level of specificity" where the plaintiff is required to prove that the defendant's non-retaliatory reason was pretextual.  Hairston v. Gainesville Sun Pub. Co., 9 F. 3d 913, 919 (11th Cor. 1993) (quoting Texas Dept. of Community Affairs v. Burdine, 101 S.Ct. 1089, 1093-94 (1981)).

### Plaintiff has not Established a Prima Facie Case of Retaliation

Plaintiff has failed to meet the second and third elements required to establish a prima facie case of retaliation.

I.     Adverse Employment Action

In order to constitute an adverse employment action for purposes of establishing a prima facie case under Title VII's anti-retaliation provision, the action must be materially adverse from the standpoint of a reasonable employee, such that it would dissuade a reasonable employee from making a discrimination charge.  Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57, 126 S.Ct. 2405, 2409, 165 L.Ed.2d 345 (2006). The anti-retaliation provision seeks to prevent employer interference with "unfettered access" to Title VII's remedial mechanisms by prohibiting employer actions that are likely to deter discrimination victims from complaining to the EEOC, the courts, and employers.  Robinson v. Shell Oil Co., 519 U.S. 337, 346, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997).   Whether an action is sufficient to constitute an adverse

employment action for purposes of a retaliation claim must be determined on a case-by-case basis, using both a subjective and on objective standard.  See Gupta v. Florida Board of Regents, 212 F. 3d 571, 587 (11th Cir. 2000)(citing Anderson v. Coors Brewing Co., 181 F. 3d 1171, 1178 (10th Cir. 1999); Doe v. Dekalb County School Dist., 145 F. 3d 1441, 1448-49 (11th Cir. 1998)(recognizing that the subjective requirement is virtually almost always satisfied and imposing an objective requirement as well)).  "The significance of any given act of retaliation will often depend upon the particular circumstances. Context matters." Burlington Northern, 548 U.S. at 69, 126 S.Ct. 2405.

In the present case, Plaintiff contends that the adverse employment action was Ms. Kelly's response to GIS's inquiries stating that Plaintiff was not eligible for re-hire and that she could not discuss it because of legal reasons, and/or Ms. Kelly's refusal to explain the legal issues on official SOELC letterhead.  Neither of these actions constitute adverse employment action.

First, Plaintiff was deemed ineligible for re-hire on the date she was terminated from SOELC – January 4, 2008.  This was well before she filed her first charge of discrimination against SOELC.  SOELC terminated Plaintiff because of her actions and demeanor surrounding the altercation with her fellow co-worker. Upon termination, SOELC determined that Plaintiff was not eligible for re-hire.  Thus, regardless of Plaintiff's first charge of discrimination against SOELC, Plaintiff was not eligible for re-hire and Ms. Kelly would have provided this information to GIS.

Ms. Kelly's comment that she could not discuss Plaintiff's re-hire status because of legal reasons was a benign comment, that in no way indicated that Plaintiff had filed a charge of discrimination against SOELC.  In today's litigious climate, it is not unusual for employers to decline to discuss their former employees.  There is no evidence whatsoever, that the "legal

reasons" mentioned by Ms. Kelly involved Plaintiff's charge of discrimination against SOELC. Plaintiff reached that conclusion on her own and chose to inform CRMC of her charge of discrimination. Plaintiff did not offer any other reasons for her re-hire status despite the acrimonious circumstances surrounding her termination.  Given the number of potential non-discriminatory and non-retaliatory reasons for her ineligibility for re-hire with SOELC, Plaintiff's conclusion that the "legal reasons" involved her charge of discrimination was arbitrary and unwarranted. Under the circumstances, no reasonable employee could consider Ms. Kelly's response to GIS to be so materially adverse that it would dissuade an employee from making a discrimination charge.

Plaintiff asserts that Ms. Kelly's refusal to "explain the legal issues on official letterhead" constitutes adverse employment action.  SOELC is not obligated to provide such information, and had every right not to provide a written explanation of Plaintiff's ineligibility for re-hire.  See Gibson v. Old Town Trolley Tours of Washington, D.C., Inc., 160 F. 3d 177 (4th Cir. 1998)(holding that an employer's failure to return a reference form is not evidence of retaliation where the form is of the type that the employer does not fill out).  SOELC had previously refused Plaintiff's request to provide a detailed description of why Plaintiff was terminated.  SOELC's refusal to do so was on January 8, 2008, and was prior to Plaintiff's first charge of discrimination. Ms. Kelly's refusal to explain the "legal issues" was consistent with the SOELC's prior position on such matters, and no reasonable employee would be dissuaded from filing a claim of discrimination based on Ms. Kelly's refusal to explain the "legal issues."

In Bailey v. USX Corp., the court found that Plaintiff had not established a prima facie case because he failed to prove the required second and third element. As to the second element, adverse employment action, the court upheld the lower court's finding that Plaintiff had not

proven an impermissible motive for the former employer's negative reference. In reaching this conclusion the court pointed to the fact that the former employer did not initiate the conversation with the prospective employer, that the former employer did not readily give the prospective employer an opinion on Plaintiff, and that the former employer never told the prospective employer that Plaintiff had filed a discrimination suit against the former employer.  850 F. 2d 1506, 1508 (11th Cir. 1988).  The facts in the present case are nearly identical to those in <u>Bailey</u>. The evidence shows that Ms. Kelly did not initiate the conversation with GIS, did not readily give GIS a reason for Plaintiff's ineligibility for re-hire, and never told GIS that Plaintiff had filed a claim of race discrimination against SOELC.  There is no evidence whatsoever to establish impermissible motive for Ms. Kelly's responses to the GIS representative's inquiries as required under <u>Bailey</u>.  <u>Id.</u> at 1508.  There is likewise no evidence that SOELC's actions were motivated by an impermissible retaliatory or discriminatory animus, thus Plaintiff has not met her burden under <u>Strickland.</u>  <u>Strickland</u>, 239 F. 3d at 1207.

II.     <u>Causal Connection</u>

        Plaintiff has also failed to establish a causal connection between the responses given by Ms. Kelly to GIS, and CRMC's decision not to hire Plaintiff for the position. "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct and that the protected activity and the adverse action were not wholly unrelated." <u>Gupta v. Fla. Bd. of Regents</u>, 212 F.3d 571, 590 (11th Cir.2000) (quotations and alterations omitted).  Ms. Kelly's statements to GIS about Plaintiff's re-hire status was wholly unrelated to Plaintiff's first charge of discrimination.  As previously stated herein, Plaintiff's ineligibility for re-hire with SOELC was determined on January 4, 2008, the date Plaintiff was terminated.  This was prior to the filing of a charge of discrimination. Regardless of Plaintiff's first charge of discrimination

against SOELC, Ms. Kelly would have told GIS that Plaintiff was not eligible for re-hire because her re-hire status had been determined prior to the charge.

Ms. Kelly truthfully responded to GIS's inquiries, and only after further prompting by GIS, did Ms. Kelly advise GIS that she could not discuss because of legal issues.  There are a host of legitimate, non-discriminatory legal reasons that an employer might have to decline discussing a former employee's history with the employer.  See generally Gibson V. Old Town Trolley Tours of Washington, D.C., Inc.,160 F. 3d 177 (4th Cir. 1998). There is no evidence Ms. Kelly was improperly motivated nor that Plaintiff's charge of discrimination was the reason Ms. Kelly refused to elaborate on the reasons for Plaintiff's re-hire status.

Ms. Kelly's refusal to provide a written explanation was legitimate and reasonable.  It was consistent with Ms. Kelly's refusal to discuss the matter with GIS and with SOELC's prior decision not to provide Plaintiff with a written explanation of her termination.  Plaintiff has offered no evidence whatsoever, to show that SOELC's actions were anything other than legitimate business decisions.

According to Plaintiff, CRMC did not hire her "because of her case with SOLEC."  As discussed, Defendant did not in any way indicate to GIS or CRMC that Plaintiff had filed a charge of discrimination against SOELC.  Even when Plaintiff requested that SOELC advise CRMC of her charge of discrimination, it declined to do so.  CRMC knew of Plaintiff's charge of discrimination only because Plaintiff chose to tell CRMC about it.  Interestingly, Plaintiff initially told CRMC that she did not know why she was ineligible for re-hire at SOELC and advised that her termination letter had stated that her OPS position was no longer required.  Pl. Comp. ¶ 16.  Although she could have, Plaintiff did not advise CRMC of the events surrounding her termination.  She did not mention that she had been involved in a loud, verbal altercation

9

with a co-worker, that she had been sent home for the day, nor that she had initially resigned her position with SOELC before being terminated.  Instead, Plaintiff chose to tell CRMC that she was ineligible for re-hire because of her charge of discrimination. Pl. Comp. ¶ 21.   For reasons unknown, Plaintiff reached that conclusion and shared it with CRMC.  It was Plaintiff's actions alone that caused CRMC not to hire her.

In the absence of other evidence showing a causal connection, a Plaintiff can meet its burden by showing close temporal proximity between the statutorily protected activity and the adverse employment action.  Brungart v. BellSouth Telecomm., Inc., 231 F.3d 791. 798-99 (11th Cir. 2000). "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" Clark County School Dist. v. Breeden, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). Thus, in the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law. Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir.2007). In the present case, Ms. Kelly's actions took place nearly twenty months after Plaintiff filed a charge of discrimination against SOELC. Twenty months is far too distant in time to establish the requisite close temporal proximity between Plaintiff's charge of discrimination and the adverse employment action.  See Drago v. Jenne, 453 F. 3d 1301, 1308 (11th Cir. 2006)("a three and one-half month proximity between a protected activity and an adverse employment action is insufficient to create a jury issue on causation").

Finally, Plaintiff acknowledges that CRMC had a policy of not hiring applicants who were not eligible for re-hire by a former employer.  Pl. Comp. ¶ 26.  As stated, Plaintiff's

ineligibility for re-hire was determined on the date she was terminated and well before she filed a claim of discrimination. Thus, even had Ms. Kelly not stated that she could not discuss because of legal reasons, the fact that Plaintiff was not eligible for rehire was, by itself, violative of CRMC's hiring policies.

### Legitimate Non-retaliatory Reasons for Adverse Employment Action

In the present case, Defendant has offered non-retaliatory explanations for its statements to GIS regarding Plaintiff and for not providing a written explanation of Plaintiff's ineligibility for re-hire. First, Ms. Kelly's statement that Plaintiff was ineligible to re-hire was truthful, and her ineligibility for re-hire was solely as a result of her termination on January 4, 2008. Ms. Kelly's response that she could not discuss because of legal reasons was a reasonable and legitimate response to GIS's inquiries. Ms. Kelly did not contact GIS or CRMC in an effort to retaliate against Plaintiff, and only provided information after inquiries from GIS. Ms. Kelly did not disparage or otherwise attempt to cast negative light on Plaintiff, but merely provided truthful responses to GIS's inquiries. Ms. Kelly did not reference the claim of discrimination made against SOELC by Plaintiff, nor did she mention discrimination in any manner. Further, Ms. Kelly did not elaborate on the circumstances surrounding Plaintiff's termination from SOELC, and did not provide any information regarding Plaintiff's work performance, or her character. Ms. Kelly simply provided limited, direct responses to GIS's inquiries.

Florida law contemplates the issues that may arise from a former employer's disclosure of information relating to a former employee. In an effort to protect former employers from unwarranted lawsuits, the Florida Legislature enacted Section 768.095, Florida Statutes. Section 768.095, provides, in part, that an employer who discloses information about a former employee to a prospective employer upon the request of a prospective employer is immune from civil

liability for such disclosure or the consequences thereof, unless it is shown by clear and convincing evidence that the information disclosed was knowingly false, or violated any civil right of the former employee.   Despite Plaintiff's allegations, there is no evidence that the information provided by Ms. Kelly was false.   Furthermore, as shown above, Ms. Kelly's responses did not violate Plaintiff's civil rights.

Ms. Kelly's refusal to provide Plaintiff with a written explanation of the "legal reasons" for her ineligibility for re-hire was a legitimate, non-retaliatory business decision. Defendant had previously refused to provide Plaintiff with a written explanation of her termination, and had refused to elaborate on Plaintiff's re-hire status with GIS.   Defendant's position regarding such requests was consistent and was based on legitimate, non-retaliatory business decisions. Furthermore, it is not discriminatory for an entity to attempt to control its liability when confronted with the possibility of an administrative complaint or of litigation.   Gibson, 160 F. 3d at 181.

### Plaintiff must show Defendant's non-retaliatory explanations are pretextual

Plaintiff has not shown that Defendant's non-retaliatory explanations are pretextual.   In determining whether the Plaintiff has met this burden, courts examine whether "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for it actions [exist such] that a reasonable fact finder could find [all of the reasons] unworthy of credence." Clark v. Alabama, 141 Fed. Appx. 777, 787 (11th Cir. 2005)(quoting Watkins v. Sverdrup Tech., Inc., 153 F. 3d 1308, 1314 (11th Cir. 1998)(internal quotation omitted)).   Moreover, a reason is not pretext for discrimination "unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752 (1993) (emphasis in original).   A plaintiff must

prove by a preponderance of the evidence that the protected act was the "but for" cause of the employer's adverse decision.  Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343 (2009)(citing Bridge v. Phoenix Bond & Indemnity Co., 128 S.Ct. 2131 (2008)).  A plaintiff employee is required to meet the reasons articulated by defendant employer head on and rebut them, and the employee cannot succeed by simply quarrelling with the wisdom of that reason.  Chapman v. AI Transp., 229 F. 3d 1012, 1030 (11th Cir. 2000).  Plaintiff has not rebutted Defendant's legitimate, non-retaliatory reasons for its actions.  Other than the allegations of retaliation in her complaint, Plaintiff has offered no evidence that retaliation was the reason for SOELC's actions.  Plaintiff has not shown weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in SOELC's proffered legitimate reasons for it actions.  Plaintiff has not shown that her first charge of discrimination against SOELC was the "but for" cause of SOELC's actions.  The evidence is uncontroverted that (1) SOELC did not inform GIS nor CRMC of Plaintiff's charge of discrimination, (2) SOELC made repeated and consistent efforts not to reveal that Plaintiff had filed such a charge, (3) SOELC provided only truthful information to GIS regarding Plaintiff, (4) Plaintiff's ineligibility for re-hire was determined prior to her charge of discrimination, and (5) CRMC only knew of Plaintiff's charge of discrimination because Plaintiff provided such information to CRMC.

During discovery, Plaintiff produced one page of a multi-page affidavit of Jasmine Ramnarine, CRMC's former HR Coordinator.  To the extent that Plaintiff attempts to use Ms. Ramnarine's affidavit to show pretext, Defendant asserts that the statements in the affidavit are inadmissible hearsay because Ms. Kelly never spoke to anyone at CRMC, including Ms. Ramnarine, that the affidavit lacks credibility as it was a product of a mediation settlement agreement entered into by Plaintiff and CRMC to resolve Plaintiff's discrimination lawsuit

against CRMC, and that the affidavit should not be considered because Plaintiff did not produce the entire affidavit to SOELC.  Exhibit G.

As Plaintiff has not demonstrated pretext, summary judgment in favor of the Defendant is appropriate.

WHEREFORE, Defendant respectfully requests that this Motion be granted and that judgment as a matter of law be entered in its favor.

DATED this 21st day of November, 2011.


/s/ Deborah S. Minnis
DEBORAH STEPHENS MINNIS
Florida Bar No. 0466778
JENNIFER F. HINSON
Florida Bar No. 0344140
Ausley & McMullen
123 South Calhoun Street
Tallahassee, Florida  32301
(850) 224-9115- phone
(850) 222-7560-fax

Attorneys for Defendant


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above has been furnished by electronically by CM/ECF to Gary L. Printy, Esquire, The Law Office of Gary Lee Printy, 1804 Miccosukee Commons Drive, Suit 200, Tallahassee, Florida 32308-5471 this 21st day of November 2011.


/s/ Deborah S. Minnis
Deborah Stephens Minnis