IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**CARRIE J. RHODES,**

    **Plaintiff,**

vs.                                                       Case No. 4:11cv153-RH/WCS

**SUPERVISOR OF ELECTIONS,**
**LEON COUNTY,**

    **Defendant.**

_____/


**O R D E R**

This case is now before me after counsel for Plaintiff was permitted to withdraw. Docs. 22, 23.  Plaintiff now proceeds *pro se* in this employment discrimination action.

In referring the case to me, the order from District Judge Robert Hinkle left the deadline in place for Plaintiff to respond to the Defendant's pending summary judgment motion.  Doc. 23.  Plaintiff must either file the response in opposition to that motion by the deadline, **January 11, 2012**, or Plaintiff shall file a motion for an extension of time on or before that deadline.  If Plaintiff requests more time to respond, Plaintiff must demonstrate good cause for the extension and state how much time is reasonably required.   In light of the fact that Plaintiff is now proceeding without counsel, this order explains Plaintiff's obligation to respond to the summary judgment motion.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985).  This requires that the Court give express 10 day notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default;  *i.e.*, the fact that final judgment may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits.  *Id.*  This order is entered in compliance with Brown and Griffith.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  Plaintiff is advised that in opposing the motion she is the nonmoving party, and as Plaintiff she bears the burden of proof.  In this situation, the Defendant need not negate Plaintiff's claim.  Defendant need only show "there is an absence of evidence to support the nonmoving party's case or by showing that the nonmoving party will be unable to prove its case at trial."  Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  However, in opposition to summary judgment, a plaintiff must "present evidence from which a jury might return a verdict in [her] favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).  Put another way, Plaintiff has the burden of coming forward with evidentiary material demonstrating a genuine issue of fact for trial.  "An issue of fact is 'material' if, under the applicable

substantive law, it might affect the outcome of the case." <u>Hickson Corp. v. Northern Crossarm Co., Inc.</u>.357 F.3d 1256, 1259 (11th Cir. 2004). Furthermore, a factual issue "is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " <u>Western Group Nurseries, Inc. v. Ergas</u>, 167 F.3d 1354, 1361 (11th Cir. 1999), *citing* <u>Anderson</u>, 477 U.S. at 248, 106 S.Ct. at 2510. Thus, Plaintiff should be aware that "the mere existence of some alleged factual dispute between the parties will not defeat" a summary judgment motion; there must be a "genuine issue of material fact." <u>Anderson</u>, 477 U.S. at 247-248, 106 S.Ct. at 2510.

Plaintiff may not rely upon the "mere allegation or denials" in the pleadings in opposing summary judgment. <u>Anderson</u>, 477 U.S. at 256, 106 S.Ct. at 2514. Rather, to withstand Defendant's summary judgment motion, and because Plaintiff bears the "ultimate burden of proof at trial," Plaintiff must "come forward with evidence sufficient to withstand a directed verdict motion." <u>Hickson Corp.</u>, 357 F.3d at 1260. Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e).

Further, as required by Rule 56.1, Rules for the Northern District of Florida:

> The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth above.

> All material facts set forth in the statement [of uncontested facts] required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party.

N.D. Fla. Loc. R. 56.1(A). Defendant included a statement of material facts within the summary judgment motion, doc. 19, as to which Defendant must contend (although not clearly stated in the motion) that there is no genuine dispute. Thus, Plaintiff shall (in addition to submitting other materials permitted by FED. R. CIV. P. 56, discussed above) submit a separate statement of facts as to which Plaintiff contends there *is* a genuine issue of fact. N.D. Fla. Loc. R. 56.1(A). The statement must reference the "source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source." *Id*. Facts set forth in Defendant's statement will be deemed admitted (if supported by record evidence) unless controverted by Plaintiff's statement. *Id*.

The parties are hereby notified that the Court will take the motion for summary judgment under advisement on **January 11, 2012.** The file will be referred to me on that date, and delay in entry of a report and recommendation after that date will be due to the need to adjudicate motions in other cases which have become ready for adjudication earlier than this case.

Plaintiff should file affidavits or other material in opposition to summary judgment before that date. If additional time is needed, she must file a motion for extension of time (describing why the time is needed and how much time is necessary) <u>before</u> the date on which the motion will be taken under advisement.

Accordingly, it is **ORDERED:**

1.  The parties are advised that the motion for summary judgment, doc. 19, will be taken under advisement on **January 11, 2012.**   A report and recommendation will be entered on or after that date.

2.  Plaintiff must submit opposition to the summary judgment motion by the deadline stated above.

3.  The Clerk of Court shall return this file to me upon receipt of Plaintiff's opposition to summary judgment, or on January 11, 2012.

**DONE AND ORDERED** on December 22, 2011.

> S/    William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**